### SUPERIOR FIRE INS. CO. v. LEAL.
### No. 9393.

Court of Civil Appeals of Texas.
San Antonio.
June 27, 1934.

Rehearing Denied July 25, 1934.

See also (Tex. Civ. App.) 58 S.W.(2d) 856.

T. M. West, Nat L. Hardy, and Frank ·B. Buchanan, all of San Antonio, for appellant.

Ingrum & Morris and Sawnie B. Smith, all of San Antonio, for appellee.

BICKETT, Chief Justice.

This action, by Lorenzo Leal against Superior Fire Insurance Company upon two fire insurance policies, involves on appeal two defenses asserted by the company, namely, that the failure by Leal, a mortgagee, to pay the premiums on demand precluded a recovery by him, and that a settlement between Fred Collier, the owner, and the company was binding upon Leal.

The insurance company issued its two fire insurance policies, in the usual form of the Texas standard fire policy, to Fred Collier, as the insured, naming Lorenzo Leal as the mortgagee or the person to whom the loss should be payable as his interest might appear. Each contained the following clause: "Loss-payable clause or mortgage clause— Loss, if any, on building items payable to Lorenzo Leal, as interest may appear, subject to the provisions of the loss-payable or mortgage clause (state which) ———, as elsewhere embodied in this policy." Each, also, contained the customary "mortgage clause with full contribution" and "loss payable clause." The mortgage clause provided that: "In case the mortgagor or owner shall neglect to pay any premiums due under this policy, the mortgagee (or trustee) shall, on demand, pay the same." It, also, provided that: "Failure upon the part of the mortgagee (or trustee) to comply with any of the foregoing obligations

shall render the insurance under this policy null and void as to the interest of the mortgagee (or trustee)."

The district court, upon a trial before the court without a jury, rendered judgment in favor of Leal against the company for $2,769.30.

■ There was a conflict in the evidence as to whether Leal, on demand by the agent of the company, refused to pay the premiums. The agent testified that he demanded payment of the premiums from Leal and that Leal refused to pay them. Leal testified that he met the request of the agent for payment of the premiums by referring him to Collier, the owner, and by informing the agent that he (Leal) would see that the agent received the money. There was evidence of a partial payment by virtue of a credit in favor of Collier resulting from another policy transaction. There was, also, evidence of an extension of credit by the agent to Collier for the premiums. The policies were not canceled nor attempted to be canceled for nonpayment of the premiums. The district court resolved the conflict in favor of the plaintiff; and there was sufficient evidence to sustain the judgment.

■ Appellant undertook to make a settlement with Collier, the owner, and to assert it as binding on Leal, the mortgagee. It issued its draft for $928.22, in pursuance of an agreement between an adjuster and Collier, payable to Collier, Leal, and another. But Leal refused to indorse the draft or to take the proceeds thereof; and no one has received payment under the draft. Yet appellant claims that the alleged settlement was conclusive, even, as to Leal on account of the unfilled blank failing to specify whether the loss should be payable to Leal under the mortgage clause or under the loss payable clause. The contention is refuted by appellant's own action in naming Leal as one of the payees of the purported settlement draft.

■ Aside from that, however, the alleged settlement was not and could not have been binding on Leal. He was, in fact, a mortgagee under a formally executed instrument that was duly recorded before appellant issued its policies. And there was circumstantial evidence to show that appellant knew that Leal was a mortgagee and not simply a nominee for the payment of loss. If there was any omission in filling the blank properly so as to show that Leal was to be protected as a mortgagee, appellant is alone re-sponsible for that. Under familiar rules of construction, the clause is construed as a mortgage clause. The rights of the mortgagee could not be affected by the alleged settlement agreement between the company and the owner. First Nat. Bank of Duluth v. National Liberty Ins. Co., 156 Minn. 1, 194 N. W. 6, 38 A. L. R. 380; Beaver Falls Bldg. & Loan Ass'n v. Allemania Fire Ins. Co., 305 Pa. 290, 157 A. 616; Insurance Underwriters' Agency v. Pride, 173 Ark. 1016, 294 S. W. 19; Clarkson v. Importers' & Exporters' Ins. Co. (Mo. App.) 15 S.W.(2d) 939; Laurenzi v. Atlas Ins. Co., 131 Tenn. 644, 176 S. W. 1022.

The judgment of the district court is affirmed.